**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000025
07-APR-2026
08:10 AM
Dkt. 46 SO**

NO. CAAP-25-0000025

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

FRIENDS OF MĀHĀʻULEPŪ, a nonprofit corporation,
Petitioner/Appellant-Appellant,
v.
KAUAʻI PLANNING COMMISSION, County of Kauaʻi, Nominal Appellee-
Appellee; RP21 COCO PALMS LLC, a limited liability company; and,
COCO PALMS HUI LLC, a limited liability company,
Intervenors/Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CCV-24-0000035)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Petitioner/Appellant-Appellant Friends of Māhāʻulepū

(**Appellant**) appeals from the Circuit Court of the Fifth

Circuit's[1] (**circuit court**): (1) November 12, 2024 "Findings of

Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order" (**Order**);

(2) November 12, 2024 "[Nominal ]Appellee[-Appellee] Kauaʻi

---

[1] The Honorable Kathleen N.A. Watanabe presided.

Planning Commission, County of Kauaʻi's [(**KPC**)] [FOFs], [COLs], Decision and Order Re: Agency Appeal/Environmental Court, Filed April 11, 2024" (**KPC Order**); (3) December 18, 2024 "Taxation of Costs" (**Costs Order**); and (4) December 26, 2024 "Final Judgment."

In 2015, Intervenor/Appellee-Appellee Coco Palms Hui LLC (**Coco Palms Hui**) obtained a Class IV Zoning Permit Z-IV-2015-8, Project Development Use Permit PDU-2015-7, Variance Permit V-2015-1, and Special Management Area Use Permit SMA(U)-2015-6 (collectively, the **Permits**) for the redevelopment of a resort located in Wailua, Kauaʻi, at Tax Map Key nos. 4-1-003: 004 (por.), 005, 007, 011, and 017, and 4-1-005: 014 and 017 (**Development Project**). The KPC reissued the Permits in 2018.

In 2023, Appellant filed "[Appellant's] Petition for Revocation of Permits Issued to [Coco Palms Hui]," (**Petition**) contending that Coco Palms Hui had "not complied with many of the permit conditions," and that constituted grounds to revoke the Permits. Coco Palms Hui and Intervenor/Appellee-Appellee RP21 Coco Palms LLC moved to intervene.[2] The KPC took up this matter at its March 12, 2024 meeting, permitted Coco Palms to

---

[2]     Coco Palms Hui and RP21 Coco Palms LLC are collectively referred to herein as **Coco Palms.**

intervene, determined that Appellant lacked standing, and denied the Petition.  The KPC ruled that,

> NOTWITHSTANDING the [KPC's] Decision to Deny [Appellant's] standing, based upon the filings, exhibits, testimony and argument, **the [KPC] will not issue an Order to Show Cause because [Appellant] has made an insufficient showing that there is reasonable cause to believe that there currently is a failure to perform according to the conditions imposed,** as specifically alleged in the Petition.

(Emphasis added.)

Appellant appealed the KPC's "oral decision" from the March 12, 2024 meeting and March 28, 2024 "Decision and Order of the [KPC]" to the circuit court.  The circuit court affirmed.  On January 13, 2025, Appellant filed a secondary appeal with this court.

Appellant raises the following points of error on secondary appeal, contending that the circuit court erred by: (1) "sua sponte making [FOFs], including those unsupported by the agency record"; (2) "affirming denial of the [P]etition based on unlawful procedure and in violation of constitutional due process at the [KPC's] March 12, 2024 [meeting]"; (3) "applying absurd, incorrect standards under which Appellant was required to demonstrate a current failure to perform according to the permit *that could not be cured in the future* through any entity's actions" and concluding that "any alleged injuries from the Permits would have occurred in 2015, which cannot be attributable to [Coco Palms'] current alleged acts or

omissions"; (4) "concluding Appellant lacked standing to bring [the P]etition"; and (5) "denying the [P]etition because Appellant made an insufficient showing that there is reasonable cause to believe that there currently is a failure to perform according to the conditions imposed, as specifically alleged in the Petition."

On this secondary appeal, Coco Palms contends, inter alia, that the circuit court lacked jurisdiction over Appellant's appeal because "no contested case occurred before the [KPC], nor was a contested case required to occur."[3]

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellant's appeal by first addressing the threshold matter of jurisdiction. See Bush v. Hawaiian Homes Comm'n, 76 Hawai'i 128, 133, 870 P.2d 1272, 1277 (1994) ("[T]hough a lower court is found to have lacked jurisdiction, we have jurisdiction here on appeal, not of the merits, but for the purpose of correcting an error in jurisdiction." (citation omitted)).

In Kia'i Wai o Wai'ale'ale v. Board of Land & Natural Resources, the Hawai'i Supreme Court reiterated the requirements for jurisdiction under Hawaii Revised Statutes (**HRS**) § 91-14:

---

[3]    The record reflects that the KPC and circuit court did not address the issue of whether a contested case hearing was required by law.

> **[F]irst, the proceeding that resulted in the unfavorable agency action must have been a "contested case" hearing— i.e., a hearing that was 1) "required by law" and 2) determined the "rights, duties, and privileges of specific parties";** second, the agency's action must represent "a final decision and order," or "a preliminary ruling" such that deferral of review would deprive the claimant of adequate relief; third, the claimant must have followed the applicable agency rules and, therefore, have been involved "in" the contested case; and finally, the claimant's legal interests must have been injured—i.e., the claimant must have standing to appeal.

157 Hawaiʻi 303, 325, 576 P.3d 816, 838 (2025) (emphasis added) (quoting Pub. Access Shoreline Haw. v. Haw. Cnty. Plan. Comm'n, 79 Hawaiʻi 425, 431, 903 P.2d 1246, 1252 (1995)).

"A contested case hearing is required by law when it is required by: (1) statute; (2) administrative rule; or (3) constitutional due process." Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 124, 424 P.3d 469, 479 (2018) (citation omitted).

This matter originated through Appellant's filing of its Petition seeking revocation of the Permits, pursuant to the Rules of Practice and Procedure of the Kauaʻi County Planning Commission (**RPPPC**) Chapter 12. RPPPC § 1-12-5 provides,

> Revocation of Permits by the [KPC]. The Director shall review and investigate the basis for any petition for revocation of a permit which the [KPC] has final authority to grant or which the [KPC] makes a recommendation and report to the Kauaʻi County Council, State Land Use Commission or other agency which has the final authority to grant. The Director shall file his report with the [KPC] within sixty (60) days from the date of the acceptance of the petition, unless the [KPC] allows the Director more time to investigate the contents of the petition. **The [KPC] shall review the Director's report** and **if the [KPC] finds that there is reasonable cause to believe that there currently is a failure to perform according to the conditions imposed, the [KPC] shall issue and serve upon**

> **the party bound by the conditions an Order to Show Cause why the permit should not be revoked or modified.**

(Emphasis added.)

In West Sunset 32 Phase 1, LLC v. County of Kauaʻi Planning Commission, we explained that:

> [T]he plain language of RPPPC § 1-12-5 does not require a hearing prior to the [KPC's] determination on whether to issue an order to show cause . . . . **Only if the [KPC] determines that there is reasonable cause to believe there is a failure to perform according to the permit's conditions will the [KPC] issue an order to show cause and hold an agency hearing on said order.** See RPPPC § 1-12-7 ("The [KPC] shall conduct an Agency Hearing on the Order to Show Cause in accordance with the requirements of Chapter 6 of these Rules.").

No. CAAP-20-0000486, 2024 WL 5055414, at *6 (Haw. App. Dec. 10, 2024) (mem. op.) (emphasis added). The KPC did not issue an order to show cause, and a contested case hearing was therefore not required by the RPPPC.[4]

We next consider whether constitutional due process requires a contested case hearing. In doing so,

> [f]irst, **this court considers whether "the particular interest which claimant seeks to protect by a hearing is 'property'** within the meaning of the due process clauses of the federal and state constitutions." Second, **if this court concludes that the interest is "property," this court analyzes "what specific procedures are required to protect it."**

Flores, 143 Hawaiʻi at 125, 424 P.3d at 480 (emphasis added) (brackets omitted) (quoting Sandy Beach Def. Fund v. City

---

[4] We further conclude that the KPC did not determine the rights, duties, or privileges of the parties. At its March 12, 2024 meeting, the KPC considered whether to issue an order to show cause; such consideration does not determine the rights, duties, or privileges of the parties.

Council of City & Cnty. of Honolulu, 70 Haw. 361, 376, 773 P.2d 250, 260 (1989)).

With regard to the second step of the above test,

[D]etermination of the specific procedures required to satisfy due process requires an additional balancing of three factors: "(1) the **private interest** which will be affected; (2) the **risk of an erroneous deprivation of such interest through the procedures actually used**, and the probable value, if any, of additional or alternative procedural safeguards; and (3) the **governmental interest, including the burden that additional procedural safeguards would entail**."

Kiaʻi Wai o Waiʻaleʻale, 157 Hawaiʻi at 322, 576 P.3d at 835 (emphasis added) (quoting Sandy Beach Def. Fund, 70 Haw. at 378, 773 P.2d at 261).

Appellant contends, as a general matter, that the Development Project is negatively impacting its members' constitutional right to a clean and healthful environment, and to engage in customary and traditional practices.[5] However, Appellant does not, in its reply brief[6] or prior filings, argue how the test set forth in Sandy Beach Def. Fund/Flores demonstrates that a contested case hearing was required by

---

[5]     Haw. Const. art. XI, § 9 ("Each person has the right to a clean and healthful environment, as defined by laws relating to environmental quality, including control of pollution and conservation, protection and enhancement of natural resources."); Haw. Const. art. XII, § 7; see also Kiaʻi Wai o Waiʻaleʻale, 157 Hawaiʻi at 323, 576 P.3d at 836 ("[T]he right to exercise native Hawaiian customs and traditions under article XII, section 7 [is] a property interest for which due process protections appl[y]." (citations omitted)).

[6]     We note that Coco Palms raised the issue of appellate jurisdiction in its answering brief, contending that the circuit court lacked jurisdiction "because no contested case occurred before the [KPC], nor was a contested case required to occur."

constitutional due process.  See Kiaʻi Wai o Waiʻaleʻale, 157 Hawaiʻi at 326, 576 P.3d at 839 (holding that appellate jurisdiction under HRS § 91-14 was established where petitioner had a constitutional due process right to a contested case hearing).

On this record, we conclude that the KPC did not conduct a contested case hearing on Appellant's Petition, and a contested case hearing was not required by statute, administrative rule, or constitutional due process.  We therefore vacate the circuit court's Order, KPC Order, Costs Order, and Final Judgment, and remand with instructions for the circuit court to enter an order dismissing Appellants' appeal for lack of jurisdiction.

DATED: Honolulu, Hawaiʻi, April 7, 2026.

| On the briefs: | /s/ Katherine G. Leonard<br>Presiding Judge |
| --- | --- |
| Bianca K. Isaki,<br>Ryan D. Hurley,<br>Lance D. Collins,<br>for Petitioner/Appellant-<br>Appellant. | /s/ Keith K. Hiraoka<br>Associate Judge<br><br>/s/ Kimberly T. Guidry<br>Associate Judge |
| Chris Donahoe,<br>Deputy County Attorney,<br>for Nominal Appellee-Appellee<br>Kauaʻi Planning Commission,<br>County of Kauaʻi. | |
| Mauna Kea Trask,<br>for Intervenors/Appellees-<br>Appellees RP21 Coco Palms LLC<br>and Coco Palms Hui LLC. | |